IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

# CUSTOM INTERIORS & SUPPLY CO., INC. v. INN-WAY, INC., ET AL.

**Direct Appeal from the Circuit Court for Henry County**
**No. 1120   Julian P. Guinn, Judge**

---

**No. W1999-02191-COA-R3-CV - Decided May 5, 2000**

---

This appeal arises from a dispute over whether Defendant Robert Shropshire personally guaranteed the debts of Defendant Inn-Way, Inc., to Plaintiff Custom Interiors & Supply Company, Inc. Custom Interiors sued Inn-Way to recover the sum of $54,537.30 for orders placed by Inn-Way after October 1996. Custom Interiors also sued Inn-Way's president and owner, Robert Shropshire, contending that Shropshire had personally guaranteed Inn-Way's debts to Custom Interiors. After Inn-Way filed for bankruptcy protection, Custom Interiors proceeded to trial against Shropshire. The trial court entered a judgment finding that Custom Interiors had failed to carry its burden of proof and that Shropshire was not a personal guarantor of Inn-Way's debts to Custom Interiors. We affirm the trial court's judgment based upon our conclusion that the evidence does not preponderate against these findings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

FARMER, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and LILLARD, J., joined.

David A. Riddick, Jackson, Tennessee, for the appellant, Custom Interiors & Supply Co., Inc.

Estelle C. Gaerig, Memphis, Tennessee, for the appellee, Robert Shropshire.

## OPINION

Custom Interiors filed this action against Inn-Way and Shropshire after Inn-Way failed to pay $54,537.30 for orders that it placed with Custom Interiors after October 1996. Custom Interiors manufactures draperies and bedspreads for the hospitality industry. Inn-Way was one of Custom Interiors' authorized dealers, and it sold Custom Interiors' products to hotels and motels. In a typical transaction, Inn-Way placed an order with Custom Interiors, and Custom Interiors shipped the finished products directly to Inn-Way's customer. Inn-Way placed its orders by sending a purchase order to Custom Interiors specifying the products it wished to order. After receiving a purchase order, Custom Interiors sent Inn-Way a form entitled Order Acknowledgement and Sales Contract that confirmed Inn-Way's order, specified the products ordered, and indicated the price of the

products. Inn-Way then verified that the information on the form was correct, signed the form, and returned it to Custom Interiors.

Throughout this business relationship, Inn-Way did not pay in a timely manner for the products it ordered. At one point, Inn-Way owed Custom Interiors almost $200,000 for previous orders. In early 1998, therefore, Custom Interiors ceased processing orders for Inn-Way unless Inn-Way's customers agreed to pay for the products in cash. Custom Interiors filed this action against Inn-Way in May 1998.

In its initial complaint, Custom Interiors named Inn-Way and Ricky Lovelace, Inn-Way's vice president, as defendants. In support of its claim against Lovelace, Custom Interiors alleged that Lovelace had personally guaranteed the payment of Inn-Way's debts to Custom Interiors. Custom Interiors later amended its complaint, however, to name Robert Shropshire, Inn-Way's president and owner, as a defendant and to assert that Shropshire was the one who personally guaranteed Inn-Way's debts to Custom Interiors.

In February 1999, Inn-Way filed a petition seeking bankruptcy protection in federal court. Inn-Way's petition listed Custom Interiors as one of its creditors, and Inn-Way's debts to Custom Interiors were subsequently discharged. Custom Interiors was unable to serve Defendant Ricky Lovelace with process, so Custom Interiors proceeded to trial against only Robert Shropshire.

At trial, Custom Interiors presented the testimony of its president, Gary Jones. Through Jones' testimony, Custom Interiors introduced a copy of a document that Custom Interiors contended constituted a personal guaranty by Robert Shropshire to pay Inn-Way's future debts to Custom Interiors. The document was one of Custom Interiors' Order Acknowledgement and Sales Contracts, and it contained the following language: "It is also agreed that all orders processed hereafter shall be guaranteed by the principals of Inn-Way, Inc." In the space beside "Order Acknowledged By," someone had signed his or her initials. Gary Jones testified that, although he was not present when the Acknowledgement form was signed, he was familiar with Robert Shropshire's signature and knew that Shropshire was the person who signed his initials on the form. Jones testified that Shropshire signed the Acknowledgement form containing the guaranty language after the two men had a discussion about Inn-Way's failure to pay for its orders in a timely manner. Jones further testified that the entire $54,537.30 indebtedness was incurred by Inn-Way after October 1996, when Shropshire signed the Acknowledgement form.

Robert Shropshire did not dispute that, since October 1996, Inn-Way had incurred debts to Custom Interiors totaling $54,537.30. Through his counsel, however, Shropshire did dispute whether he had personally guaranteed these debts. Bonnie Shropshire, Robert Shropshire's wife and Inn-Way's secretary-treasurer, testified on behalf of her husband. According to Bonnie Shropshire, Robert Shropshire was completely bedridden as a result of suffering three separate strokes. Bonnie Shropshire acknowledged that, after his first stroke in July 1995, Robert Shropshire continued to come into the office to work. She insisted, however, that her husband could not have signed the Acknowledgement form containing the guaranty language because, after his July 1995 stroke, he

could no longer write or sign his name. Bonnie Shropshire had been married to her husband for twenty-two years, and she was familiar with his signature. She testified that the signature on the Acknowledgement form was not that of her husband. Moreover, she testified that Robert Shropshire had not and would not have signed a document personally guaranteeing Inn-Way's debts. Bonnie Shropshire and her husband had discussed this issue in the past, and he had consistently stated that he would not sign a personal guaranty.

In rebuttal, Gary Jones testified that he was certain that Robert Shropshire signed the Acknowledgement form because Jones received the signed form shortly after the two men discussed the personal guaranty. According to Jones, Shropshire signed the form at Jones' insistence when Jones informed Shropshire that, if he did not execute a personal guaranty, Custom Interiors would not ship any more orders for Inn-Way. Jones reiterated that he was familiar with Shropshire's signature, and he indicated that he had no doubt the signature on the form was Shropshire's.

At the trial's conclusion, the trial court made some brief comments that indicated the court's intention to rule in favor of Robert Shropshire. The trial court later entered a final judgment in favor of Shropshire. In its judgment, the trial court made the following findings:

> That [Custom Interiors] failed to carry its burden of proof;
> That the defendant Bob Shropshire is not a personal guarantor of any alleged debt owed to [Custom Interiors] by Inn-Way, Inc., a Tennessee corporation which previously filed a Chapter 7 Bankruptcy;
> That the defendant Bob Shropshire is entitled to a judgment in his favor and that this case should be dismissed on the merits.

Our review of the trial court's judgment[1] is governed by rule 13(d) of the Tennessee Rules of Appellate Procedure, which provides that, in civil actions, the appellate court's review of the trial court's findings of fact "shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). Under this standard, "[w]here the issue for decision depends on the determination of the credibility of witnesses," this court recognizes that "the trial court is the best judge of the credibility" and that "its findings of credibility are entitled to great weight" on appeal. *Tenn-Tex Properties v. Brownell-Electro, Inc.*, 778 S.W.2d 423, 426 (Tenn. 1989). This court defers to the trial court's findings of credibility "because the trial court alone has the opportunity to observe the appearance and the demeanor of the witnesses." *Id*. Accordingly, this court will affirm the trial court's judgment unless the evidence preponderates against the trial court's findings or unless the trial court has erred in its application of the law. *See Dailey v. Bateman*, 937 S.W.2d 927, 930 (Tenn. Ct. App. 1996).

---

[1]Inasmuch as the trial court did not incorporate its oral comments made at the trial's conclusion into its written judgment entered after the trial, this court is limited to reviewing only the written judgment. *See Whisenhut v. Whisenhut*, No. 02A01-9506-CV-00126, 1997 WL 305296, at *2 (Tenn. Ct. App. June 9, 1997) (*no perm. app. filed*).

-3-

Applying the foregoing standard, we affirm the trial court's final judgment entered in favor of Robert Shropshire. The only significant factual dispute in this case was the issue of whether Shropshire signed the Acknowledgement form containing the guaranty language. Shropshire's wife of twenty-two years, Bonnie Shropshire, testified unequivocally that her husband's signature did not appear on the Acknowledgement form and that, in any event, he would not have agreed to personally guarantee Inn-Way's debts. Although Gary Jones contradicted this testimony, the trial court apparently resolved this credibility issue in favor of Shropshire. As the fact-finder in this non-jury trial, the trial court was required to resolve any credibility issues, and on appeal, this court is required to place great weight on the trial court's decision. After carefully reviewing the record, we conclude that the evidence does not preponderate against the trial court's findings that Custom Interiors failed to carry its burden of proof and that Robert Shropshire was not the personal guarantor of Inn-Way's debts to Custom Interiors.

The trial court's judgment is affirmed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, Custom Interiors & Supply Company, Inc., for which execution may issue if necessary.